UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMERSON S. RAMIREZ PEREZ,

    Petitioner,

v.                                 Case No.:  2:26-cv-00108-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER *et al.*,

    Respondents,
_____/

## OPINION AND ORDER

    Before the Court are Emerson S. Ramirez Perez's Verified Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Ramirez Perez's reply (Doc. 7). For the below reasons, the Court grants the petition.

    Ramirez Perez is a native and citizen of Guatemala. He entered the United States as an unaccompanied child in February 2024. The Department of Homeland Security ("DHS") designated Ramirez Perez an unaccompanied alien child, detained him, and transferred him to the custody of the Department of Health's Office of Refugee Resettlement. The office released him to the custody of a sponsor in March 2024. After turning 18, Ramirez Perez applied for asylum and withholding of removal. The application remains pending.

Ramirez Perez is authorized to work in the United States, he works as a roofer, and he has no criminal record. Ramirez Perez was detained during a traffic stop on January 5, 2026. He is currently detained at Alligator Alcatraz without the opportunity to seek release on bond. At the time he filed the petition, Ramirez Perez had not received a notice to appear, and he had no scheduled immigration hearings.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Ramirez Perez. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Ramirez Perez asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-

922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

The respondents also argue § 1225(b)(2) applies to Ramirez Perez's current detention because he was detained at the border upon his entry in 2019. But applying § 1225(b)(2) to noncitizens years after they were apprehended at the border and released into the county does not comport with the policy justification for treating noncitizens in the country differently than those seeking entry. As the Supreme Court observed, "our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality. In the latter instance the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'" *Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206 (1953)); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent.").

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9),

3

and exhaustion is excused because it would be futile. And like the petitioners in those cases, Ramirez Perez's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Ramirez Perez has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Ramirez Perez before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings. To be clear, subjecting Ramirez Perez to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Ramirez Perez receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Emerson S. Ramirez Perez's Verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Ramirez Perez for an individualized bond hearing before an

immigration judge or (2) release Ramirez Perez under reasonable conditions of supervision. If the respondents release Ramirez Perez, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1